777 P.2d 220

**STATE of Arizona, Appellee,**

v.

**Mark L. SANDON, Russell Young, Danny Lynn Hudson, and Gerald Title Jones, Appellants.**

No. CR–86–0116–PR.

Supreme Court of Arizona, En Banc.

July 20, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

D. Jesse Smith, Tucson, for appellant Sandon.

Mark L. Sandon, Florence, pro se.

PER CURIAM.

We would ordinarily dispose of this matter by order. But, because the Court continues to receive large numbers of prisoner petitions seeking to exhaust state remedies, *see, e.g., Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), we briefly address that issue based upon the procedural history of the case of *State of Arizona v. Mark L. Sandon,* Pima County No. CR–06801 SGJ.

Sandon and several other prison inmates, after a twelve-week jury trial, were convicted of either conspiracy to commit, or the actual commission of, the offense of introducing firearms into the Arizona State Prison at Florence, or of both such offenses. Appeals were perfected to the Court of Appeals and petitions for post-conviction relief were filed in the trial court. When relief was denied in the post-conviction proceedings, the petitions for review were consolidated with the direct appeals.

The Court of Appeals reviewed 13 issues in the consolidated cases, 12 of which applied to Sandon, affirmed the convictions, and denied the petitions for review in an 8–page memorandum decision, *State v. Sandon,* Nos. 2 CA–CR 3076 and 2 CA–CR 3677–2 PR (Ariz.Ct.App. Jan. 15, 1986).

Following this decision, counsel for Sandon filed a petition for review in this Court, selecting three issues that he believed merited our consideration, and that were most likely to result in a grant of review under the criteria set out in Rule 31.19, Ariz.R. Crim.P., 17 A.R.S. (hereafter Rule ____). We denied the petition for review by order on May 28, 1986.

Sandon then sought habeas corpus relief in the federal district court pursuant to 28 U.S.C. § 2254. After the federal court determined that Sandon had not exhausted his state court remedies on 8 issues counsel had not presented to this Court in Sandon's petition for review, Sandon's federal habeas petition was dismissed without prejudice. This petition followed.

In Arizona, every person convicted of a criminal offense has the absolute right to an appeal. That right was considered so fundamental by the framers of our constitution that it was included in the same section covering such basic rights as the right to counsel, the right to compulsory process, the right to have all the other rights without being compelled to advance money or fees to secure them, and several others. Ariz.Const. art. 2 § 24.

In addition to this guaranteed direct appeal, any person who has been convicted of, or sentenced for, a criminal offense in this state may institute a post-conviction proceeding pursuant to Rule 32 to secure relief on the grounds set out in the rules, without payment of any fee, and with an absolute right to be represented by counsel, appointed or retained, in the first of such petitions. *See also* Comment to Rule 32.1.

In *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), we pointed out that there was no right to appeal to this Court except in cases in which the death penalty or life imprisonment is imposed. A.R.S. § 12–120.21(A)(1).[1] While *Shattuck* involved a discussion of the role of counsel in cases appealed according to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the considerations are the same when discretionary review is sought in this Court pursuant to Rule 31.-19. "Once the defendant has been given the appeal to which he has a right, state remedies have been exhausted." *Shattuck*, 140 Ariz. at 585, 684 P.2d at 157. Not only is this Court not "required to accept petitions for review in *Anders* type cases," *id.*, we are not *required* to accept them in any case. *Id.* at 584, 684 P.2d at 156.

When counsel, whether retained or appointed, has followed the procedures as outlined above, as counsel for Sandon did in this matter, the case in the Arizona courts is over. The issues decided by the Court of Appeals, even though they had not been presented to this Court in a petition for review, are no longer open to substantive review in this Court, or in any other court in Arizona, absent proper allegations pursuant to Rules 32.1(d), (e) or (g)[2] which allegations are not made in this petition and do not appear of record. Rule 32.2.

State remedies have been exhausted. The petition is dismissed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

CORCORAN, J., did not participate in the determination of this matter.

1. A.R.S. § 12–120.21(A)(1) was recently amended, deleting the words "or life imprisonment," giving jurisdiction of direct appeal in those cases to the Court of Appeals. 1989 Ariz.Sess. Laws, Ch. 58.

2. "Rule 32.1. Scope of Remedy

\* \* \* \* \* \*

d. He is being held in custody after his sentence has expired;

e. Newly-discovered material facts exist, which the court, after considering

(1) The probability that such facts, if introduced would have changed the verdict, finding or sentencing;

(2) The diligence which would have been required to discover and produce the evidence at trial;

(3) The promptness with which the petitioner has commenced a proceeding after discovery of such facts,

may require that the conviction or sentence be vacated;

\* \* \* \* \* \*

g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard."