943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Dean DEYOUNG, Petitioner-Appellant,
v.
Samuel LEWIS, Respondent-Appellee.
 No. 90-16836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1991.*
Decided Sept. 13, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We reject DeYoung's contention he exhausted his federal claims by fairly presenting them to the Arizona Supreme Court. DeYoung presented his ineffective assistance claims only in a petition for special action to the Arizona Supreme Court. "The acceptance of jurisdiction of a petition for special action is highly discretionary in [the Arizona Supreme Court]. [The Court] generally accept[s] jurisdiction of these cases only where the issues raised in the petition are such that justice cannot be satisfactorily obtained by other means." King v. Superior Court, 673 P.2d 787, 789 (Ariz.1983). Presentation of a claim using this highly discretionary procedure does not constitute fair presentation sufficient to meet the exhaustion requirement. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (petitions for allocatur to Pennsylvania Supreme Court granted only where " 'there are special and important reasons therefor' " do not constitute fair presentation of habeas claim).[1]
 
 
 3
 DeYoung has, however, exhausted his federal claims in the sense that there are no more state remedies available to him. Under State v. Sandon, after a direct appeal, claims are not open to "substantive review in [the Arizona Supreme Court], or in any other court in Arizona, absent proper allegations pursuant to Ariz.R.Crim.P. 32.1(d), (e) or (g)...." Sandon, 777 P.2d at 221. DeYoung has procedurally defaulted because neither of his ineffective assistance of counsel claims falls within the exceptions noted in Ariz.R.Crim.P. 32.1(d), (e), or (g).[2]
 
 
 4
 DeYoung's only allegation of cause for the procedural default on his claim of ineffective assistance of trial counsel is his claim of ineffective assistance of appellate counsel in failing to raise the claim. However, in Murray v. Carrier, 477 U.S. 478, 489 (1986), the Supreme Court held that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 State v. Sandon, 777 P.2d 220 (Ariz.1989), cited by DeYoung, does not suport the claim of exhaustion. Sandon involved a case in which appeals to the Arizona Court of Appeals had been perfected. Id. In contrast, DeYoung did not bring either of his ineffective assistance claims before the Arizona Court of Appeals. Thus, he failed to meet the federal standard of fair presentment. To fairly present, the petitioner must have presented the "substance" of the legal theory and the operative facts to the highest court with jurisdiction. Anderson v. Harless, 459 U.S. 4, 6 (citing Picard v. Connor, 404 U.S. 270, 275, 277-78). By neglecting to appeal to the intermediate appellate court, DeYoung necessarily did not meet the standard
 
 
 [2]
 The pertinent provisions of Ariz.R.Crim.P. 32.1 read:
 d. He is being held in custody after his sentence has expired;
 e. Newly discovered material facts exist, which the court, after considering
 (1) The probability that such facts, if introduced would have changed the verdict, finding or sentence;
 (2) The diligence which would have been required to discover and produce the evidence at trial;
 (3) The promptness with which the petitioner has commenced a proceeding after discovery of such facts, may require that the conviction or sentence be vacated;
 g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard.