**Phillip J. HARMON, Petitioner–Appellant,**

v.

**Charles RYAN, Warden, et al., Respondents–Appellees.**

**No. 91–15139.**

United States Court of Appeals, Ninth Circuit.

Submitted July 23, 1991.*

Memorandum July 26, 1991.

Order and Opinion Sept. 20, 1991.

Phillip J. Harmon, pro se.

No appearance for appellee.

Before PREGERSON, D.W. NELSON and REINHARDT, Circuit Judges.

### ORDER

The Memorandum disposition, filed July 26, 1991, is hereby redesignated as a Per Curiam Opinion.

### OPINION

PER CURIAM:

Phillip J. Harmon, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We review de novo, *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir.1987), *cert. denied*, 489 U.S. 1059, 109 S.Ct. 1327, 103 L.Ed.2d 595 (1989), and we vacate and remand.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

In 1988, Harmon entered a plea of nolo contendere to a charge of attempted kidnapping and was sentenced to five years of probation. In 1989, Harmon admitted that he had violated the terms of his probation and was sentenced to a ten-year term of imprisonment. Harmon appealed to the Arizona Court of Appeals, which affirmed the trial court. Harmon did not file a petition for review in the Arizona Supreme Court. Approximately a year later, however, Harmon filed a petition for special action in the Arizona Supreme Court alleging that his plea was coerced, the sentencing judge was biased, and there was no factual basis for the finding that he had violated the terms of his probation. The Supreme Court dismissed the petition for special action. Harmon then filed a habeas petition in federal court, alleging the same three claims that were raised in his petition for special action. The district court dismissed the petition sua sponte for failure to exhaust state remedies.

■ A district court may dismiss a habeas petition without serving it on the respondents only if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). The petitioner can satisfy the exhaustion requirement by giving the highest state court a fair opportunity to consider his claims before presenting them to the federal court. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied,* 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). The exhaustion requirement also is satisfied if it is clear that the petitioner's claims cannot be presented to the state court because they are procedurally barred under state law. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *see also Harris v. Reed,* 489 U.S. 255, 270, 109 S.Ct. 1038, 1047, 103 L.Ed.2d 308 (1989) (O'Connor, J., concurring) (noting that the federal courts look to state procedural rules in determining whether state remedies are available to the petitioner).

■ Here, the district court erred in dismissing Harmon's habeas petition without ordering service of the petition on the respondents because it is not clear from the face of the petition that Harmon has failed to exhaust available state remedies. Indeed, under Arizona law it appears that Harmon has exhausted available state remedies. *See State v. Sandon,* 161 Ariz. 157, 158, 777 P.2d 220, 221 (1989) (absent certain statutory exceptions, "issues decided by the Court of Appeals, even though they had not been presented to this Court in a petition for review, are no longer open to substantive review in this Court, or in any other court in Arizona"); *State v. Shattuck,* 140 Ariz. 582, 585, 684 P.2d 154, 157 (1984) ("once the defendant has been given the appeal to which he has a right, state remedies have been exhausted"). Presumably the state's response to the habeas petition will clarify whether any state remedies are available to Harmon. Therefore, we vacate and remand for issuance and service of process upon the respondents.

VACATED AND REMANDED.