944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Obie Lee DENT, Petitioner-Appellant,
v.
Deputy Warden VIGIL, Respondent-Appellee.
 No. 90-16753.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Obie Lee Dent, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); 28 U.S.C. § 2254(b). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Conner, 404 U.S. 270, 276 (1971). If state remedies have not been exhausted as to all claims raised in the federal habeas petition, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 In 1987, Dent was convicted of four counts of sexual assault, two counts of kidnapping, and two counts of burglary. He appealed to the Arizona Court of Appeals, which affirmed his convictions. Dent did not file a petition for review by the Arizona Supreme Court. Dent then filed a petition for post-conviction relief under Ariz.R.Crim.P. 32. In 1989, the trial court denied the petition, and Dent did not appeal. In 1990, Dent filed a federal habeas petition in which he raised four claims: (1) he received ineffective assistance of counsel at trial; (2) his Miranda rights were violated; (3) his right to due process at trial was violated; and (4) several witnesses committed perjury and the jury was prejudiced. In his federal petition, Dent affirmatively alleged that he has never presented the last three of these claims to the Arizona courts.
 
 
 5
 Therefore, the district court correctly determined that Dent had not exhausted his state remedies as to these three claims. He must present his claims to the Arizona courts in a petition for post-conviction relief under Ariz.R.Crim.P. 32 before a federal court may consider them in a section 2254 petition. See Duckworth, 454 U.S. at 3; Lindquist, 770 F.2d at 877.[1] Moreover, Dent's argument that under Arizona law he was not required to exhaust his claims is meritless. See Jennison v. Goldsmith, No. 87-2977, slip op. 10585 (9th Cir. Aug. 8, 1991) (discussing State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989) and State v. Shattuck, 140 Ariz. 582, 684 P.2d 154 (1984)). Accordingly, the district court properly dismissed Dent's habeas petition because it contains unexhausted claims. See Rose, 455 U.S. at 510.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dent's requests for a continuance and appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dent raised his ineffective assistance of trial counsel claim in his Rule 32 petition for post-conviction relief, but he did not appeal the trial court's denial of the petition. Therefore, although he has not presented this claim to the Arizona Supreme Court, he may be barred under Ariz.R.Crim.P. 32.2 from raising it in a subsequent Rule 32 petition. If this claim is procedurally barred under state law, it is exhausted. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (exhaustion requirement is satisfied if it is clear that claims are procedurally barred under state law). Nevertheless, we need not decide whether Dent has procedurally defaulted on this claim. Because the other three claims are unexhausted, the district court properly dismissed the entire petition. See Rose, 455 U.S. at 510. In his federal habeas petition, Dent also alleged that he failed to appeal the denial of his Rule 32 petition because he received ineffective assistance from the attorney who represented him in the Rule 32 proceeding. This ineffective assistance claim also must be presented to the state courts before it can be used to establish cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986)