951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene GLASS, Petitioner-Appellant,
v.
B.D. GOLDSMITH, Respondent-Appellee.
 No. 90-15336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugene Glass, an Arizona state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court determined that Glass did not show cause for his state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm in part and vacate and remand in part.
 
 Procedural Default
 
 3
 The failure of a federal habeas petitioner to present his or her claims to the state's highest court for a determination on the merits, as required by state procedure, precludes federal review of the claims absent a showing of cause for the procedural default and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The cause and prejudice requirements apply as well to the failure to contemporaneously object at trial to the jury selection. Wainwright, 433 U.S. at 87-88. Even in the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 Here, Glass raised the following grounds for federal habeas corpus relief:
 
 
 5
 1) ineffective assistance of trial counsel;
 
 
 6
 2) denial of his right to confront witnesses;
 
 
 7
 3) denial of a fair and impartial trial due to the prosecutor's use of peremptory strikes to exclude blacks from the jury;
 
 
 8
 4) prosecutorial misconduct;
 
 
 9
 5) unduly suggestive identification procedure;
 
 
 10
 6) trial court error in refusing to grant Glass's motion for a judgment of acquittal; and
 
 
 11
 7) trial court error in failing to advise the jury of Ariz.R.Crim.P. 22.3.
 
 A. Claims Not Raised on Direct Appeal
 
 12
 Glass raised the same seven claims in his direct appeal to the Arizona Court of Appeals. Nevertheless, Glass procedurally defaulted on claims one, two, and four through seven because he failed to present these claims on direct appeal in a petition for review to the Arizona Supreme Court. See State v. Sandon, 161 Ariz. 157, 158, 777 P.2d 220, 221 (1989) (issues decided by the Court of Appeals that are not presented to the Supreme Court in a petition for review are no longer open to substantive review in the Supreme Court, or in any other court in Arizona). Glass's attempt to present his claims to the Arizona Supreme Court in a petition for a writ of habeas corpus did not cure the procedural default. See Lindquist v. Gardner, 770 F.2d 876, 878 (9th Cir.1985) (state writ of habeas corpus insufficient to satisfy the exhaustion requirement); State v. Montez, 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967) (in Arizona habeas corpus "may not be used to collaterally attack a judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court").
 
 
 13
 As cause for his procedural default of those claims, Glass contends that he had no knowledge of the appeals process. Ignorance of the legal process, however, does not constitute cause for procedural default. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986). Because Glass failed to establish cause for his procedural default, this court need not consider whether Glass has shown actual prejudice resulting from the alleged constitutional violations. See Smith v. Murray, 477 U.S. 527, 533 (1986). Glass also has failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See Murray v. Carrier, 477 U.S. at 496. Thus, the district court correctly determined that Glass's state procedural default barred federal review of the merits of claims one, two, and four through seven. Accordingly, we affirm the dismissal of these claims.
 
 
 14
 B. Prosecutor's Alleged Misuse of Peremptory Strikes
 
 
 15
 Glass raised claim three, regarding the alleged misuse by the prosecutor of peremptory strikes to exclude blacks from the jury, in his brief on direct appeal to the Arizona Court of Appeals. The Court of Appeals reversed and remanded for a hearing pursuant to Batson v. Kentucky, 476 U.S. 79 (1986). The state filed a petition for review of that issue by the Arizona Supreme Court. The Supreme Court reversed the Court of Appeals' decision and held that Glass had waived this issue because he failed to object at trial to the state's use of peremptory strikes. Therefore, Glass cannot get federal habeas review of this claim absent a showing of cause and actual prejudice. See Reed, 468 U.S. at 11; Wainwright, 433 U.S. at 87.
 
 
 16
 As cause for his procedural default on claim three Glass contends that he received ineffective assistance of counsel at trial.[1] Attorney ineffectiveness that violates the sixth amendment is cause for a procedural default; however, the ineffective assistance claim must first be separately presented to the state's highest court for a determination on the merits before it can serve as cause for the procedural default of another claim. See Murray, 477 U.S. at 496. In his brief on direct appeal to the Arizona Court of Appeals, Glass claimed that his attorney's failure to object to the prosecutor's use of peremptory strikes to exclude black jurors constituted ineffective assistance of counsel. The Arizona Court of Appeals held that counsel's failure to object to the prosecutor's use of peremptory challenges did not constitute ineffective assistance because there was no basis in existing law for such an objection. Glass also raised this claim in his opposition to the state's petition to the Arizona Supreme Court for review of the Batson issue. The Arizona Supreme Court did not explicitly address Glass's ineffective assistance claim. Instead, the Supreme Court stated that although the Batson decision represented a significant change in the law, it was not so novel an idea as to excuse the defendant's failure to object at trial to the prosecutor's use of peremptory challenges. Therefore, because Glass has exhausted this ineffective assistance of counsel claim, the district court erred by failing to consider the merits of this claim as a possible cause for his procedural default on the Batson issue. See Murray, 477 U.S. at 496. Accordingly, we vacate the district court's dismissal of this claim and remand for the district court to determine whether Glass's attorney's failure to object at trial to the prosecutor's use of peremptory challenges constitutes ineffective assistance of counsel.
 
 Conclusion
 
 17
 We affirm the district court's dismissal of all claims except claim three, the Batson claim. We vacate and remand the dismissal of claim three for the district court to consider the merits of Glass's claim that the ineffective assistance he received from trial counsel constitutes cause for his procedural default on claim three.
 
 
 18
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Glass also contends that he procedurally defaulted on claim three because he had no knowledge of courtroom procedures. This contention fails because ignorance of the legal process does not constitute cause for procedural default. See Hughes, 800 F.2d at 909