958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al, Respondent-Appellee.
Teshome ABATE, Petitioner-Appellant,
v.
Bob GOLDSMITH, et al, Respondent-Appellee.
 Nos. 91-15092, 91-15498.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided March 24, 1992.
 
 Before GOODWIN, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Appellant Teshome Abate, a native of Ethiopia, shot and killed his roommate while he was a student at Arizona State University. Appellant subsequently pleaded guilty to Second Degree Murder, and received a sentence of 20 years in prison. Abate appealed the sentence, arguing that the sentencing court improperly found several aggravating factors under Arizona law. The Arizona Court of Appeals affirmed the appellant's conviction, and the Arizona Supreme Court denied review.
 
 
 3
 On February 1, 1990, appellant filed a petition for Writ of Habeus Corpus in the Federal District Court for the District of Arizona. In his petition, appellant contended that he had not knowingly entered his guilty plea, that he had not read the probation officer's report at the time that he was sentenced, that his lawyer had either intentionally or negligently failed to adequately represent him, that the presentence report contained false or misleading information, and finally that the sentencing court was prejudiced against him because of his "broken English." On October 11, 1990, the district court found that appellant had failed to exhaust any of the claims raised in his petition in state court, and therefore dismissed the appellant's petition without prejudice to allow him to seek collateral relief in the Arizona courts under Ariz.R.Crim.P. 32. Abate appeals this dismissal. We now affirm.
 
 DISCUSSION
 
 4
 We review de novo the district court's dismissal of the petition. Bianchi v. Blodgett, 925 F.2d 305, 308 (9th Cir.1991).
 
 
 5
 On appeal, Abate seems to argue that his federal claims were not raised on direct appeal because his attorneys refused to raise them. 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Arizona has provided for post-conviction relief in Ariz.R.Crim.P. 32. We note that appellant's allegations that his claims were not raised on appeal because of his attorneys' refusal to do so could arguably provide grounds for post-conviction relief under several of the subsections of Rule 32.1. Thus, appellant's petition for a writ of habeas corpus will not be entertained in federal court until he has first presented his claims to Arizona state courts through collateral proceedings. Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985).
 
 
 6
 Appellant also argues that, in the alternative, the documents filed with his petition for review to the Arizona Supreme Court demonstrated his claim of ineffective assistance of counsel. Thus, since the Supreme Court declined to entertain the appeal and thereby reach the issue of ineffective assistance of counsel, appellant contends that he has exhausted this claim. Assuming that filing documents with a court in this manner would constitute a "fair presentation" of appellant's claims, the petition would still need to be dismissed since state remedies have not been exhausted as to all of his federal claims. Castille v. Peoples, 489 U.S. 346, 349 (1989). It is clear, however, "that the submission of a new claim to a State's highest court on discretionary review" does not constitute a fair presentation. Id. at 351. The district court therefore correctly dismissed Abate's petition.
 
 
 7
 The State of Arizona argues that under State v. Sandon, 777 P.2d 220 (Ariz.1989), appellant has no remaining state court remedy since he has not alleged error under Ariz.R.Crim.P. 32.1(d), (e), or (g). Thus, the State contends, Abate has procedurally defaulted and must demonstrate "cause" and "actual prejudice." The State relies, however, on a misreading of the holding of Sandon. In that case, Sandon presented twelve issues for review to the Arizona Court of Appeals, which affirmed his conviction. Sandon subsequently petitioned for review to the Arizona Supreme Court based on the three issues which he believed most meritorious. The petition for review was denied, and a subsequent federal habeas petition was dismissed since Sandon had not exhausted his state court remedies by petitioning for review of all his claims. The Arizona Supreme Court's holding was merely a recognition that under these facts, Sandon's post-conviction claims would be precluded under Rule 32.2(a)(3), which denies relief as to grounds "[k]nowingly, voluntarily and intelligently not raised ... on appeal." Rule 32.2(b) provides that "Rule 32.2 shall not apply to claims based on Rules 32.1(d), (e) and (g)." There has been no similar showing that Abate has "knowingly, voluntarily and intelligently" failed to raise the grounds alleged in his habeas petition. As a consequence, post-conviction relief may be available to Abate in the state courts on any of the grounds enumerated in Rule 32.1. The district court therefore correctly refused to find that appellant had procedurally defaulted in the Arizona state courts.[1]
 
 
 8
 The dismissal of appellant's petition without prejudice is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court adopted the magistrate judge's recommendation that procedural default not be found, thus allowing a state court to determine in the first instance whether Abate could state a claim under Rule 32.1(d), (e) or (g). We note that even were Abate limited to these grounds in making claims for post-conviction relief, the district court's decision would be correct given the policy of not finding a procedural default "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989)