968 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Lee WARREN, Petitioner-Appellant,
v.
Jeff HOOD, et al., Respondents-Appellees.
 No. 91-16517.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 1, 1992.
 
 Before FLETCHER, LEAVY and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Lee Warren, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Warren raised two claims in his federal habeas petition: (1) he was not advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), at the time of his arrest, and therefore the state trial court should have suppressed his confession; and (2) his sentence violates the eighth amendment. The district court found that Warren had procedurally defaulted on the Miranda claim and rejected the eighth amendment claim on the merits.
 
 
 4
 * Warren's contention that he did not procedurally default his Miranda claim lacks merit.
 
 
 5
 Before trial, Warren sought to suppress his confession on the ground that it was induced by police coercion and therefore was not voluntary. The trial court denied his motion to suppress. Warren also raised the same challenge to the voluntariness of his confession on direct appeal. The Arizona Court of Appeals affirmed his convictions, and the Arizona Supreme Court denied review. In 1989, Warren filed a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32, in which he challenged his sentence and claimed that the state had failed to prove his prior convictions, but he did not raise a Miranda claim.
 
 
 6
 In 1990, Warren filed a petition for a writ of habeas corpus in the Arizona Supreme Court, in which he raised the Miranda claim. The Supreme Court summarily dismissed the habeas petition citing State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989).
 
 
 7
 "It is well settled that when a petitioner at one time could have raised his constitutional claim in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted on his claim." Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988) (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)).
 
 
 8
 Under Arizona rules of procedure, Warren was required to present his claims in a petition for review by the Arizona Supreme Court either on direct appeal or in a petition for post-conviction relief before he could file a federal habeas petition raising these claims. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief).[1]
 
 
 9
 Warren's attempt to present his Miranda claim to the Arizona Supreme Court in his petition for a writ of habeas corpus was not a procedurally adequate substitute for raising it on direct appeal or in a petition for post-conviction relief. See State v. Montez, 102 Ariz. 444, 447, 432 P.2d 456, 459 (1967) (in Arizona habeas corpus "may not be used to collaterally attack a judgment of conviction where the claimed errors do not involve a loss of jurisdiction by a court"); Applications of Oppenheimer, 95 Ariz. 292, 297, 389 P.2d 696, 700 ("in Arizona, the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction"), cert. denied, 377 U.S. 948 (1964). Moreover, it is clear from the Arizona Supreme Court's order dismissing his habeas petition that Warren is now barred from raising his Miranda claim in state court. See Sandon, 161 Ariz. at 158, 777 P.2d at 221. Accordingly, the district court correctly determined that Warren procedurally defaulted this claim. See Tacho, 862 F.2d at 1378.
 
 
 10
 Because Warren has procedurally defaulted, federal habeas review of his claim is barred unless he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (citations omitted). Warren has not attempted to show cause for his default, nor has he demonstrated that failure to consider his claim will result in a fundamental miscarriage of justice. Federal habeas review of his claim therefore is barred. See id.[2]
 
 II
 
 11
 Warren contends that his sentence is disproportionate to the offenses and thus constitutes cruel and unusual punishment in violation of the eighth amendment. This contention lacks merit.
 
 
 12
 "[T]he Eighth amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 111 S.Ct. 2680, 2705 (1991) (Kennedy, J. concurring) (citing Solem v. Helm, 463 U.S. 277, 288 (1983)); see also Rummel v. Estelle, 445 U.S. 263, 285 (1980) (life sentence, with the possibility of parole, for recidivism based on three underlying felonies does not violate eighth amendment).
 
 
 13
 Warren was convicted of burglary and theft. Moreover, he had two prior convictions for attempted burglary, and he committed the burglary and theft while he was on probation. Based on these factors, he received concurrent sentences of ten and five years. Because his sentences are not grossly disproportionate to his crimes, there is no eighth amendment violation. See Harmelin, 111 S.Ct. at 2705, Rummel, 445 U.S. at 285.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Warren's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Arizona Supreme Court's decision whether to grant review is discretionary, in order to exhaust state remedies, a state prisoner must seek such review before bringing a federal habeas petition. Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (per curiam); 28 U.S.C. § 2254
 
 
 [2]
 On appeal, Warren also argues that his confession was not voluntary and his waiver of his Miranda rights was not valid. Because Warren did not present these claims to the district court in his habeas petition, we will not consider them. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)