91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Patrick RAWLINS, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 94-16210.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided July 29, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The Appellant, Daniel Patrick Rawlins, appeals the dismissal of his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rawlins argues, among other things, his first § 2254 petition was improperly dismissed on the merits, and, therefore his second petition was not an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases.
 
 I.
 
 4
 On April 16, 1987, in the Maricopa County Superior Court, Arizona, Rawlins was convicted of the sale of a narcotic drug having a value of over $250.00 and one count of conspiracy to sell or offer to sell a narcotic drug having a value of over $250.00. He was sentenced to a term of seven years on each count, with the sentences to run concurrently. On June 19, 1987, Rawlins filed a Notice of Appeal in the Arizona Court of Appeals. On November 18, 1987, Rawlins, by counsel, filed a Rule 32 petition for post-conviction relief in the Maricopa County Superior Court.[1] The Superior Court denied his petition and he appealed the decision to the Arizona Court of Appeals. Rawlins' petition for review of his Rule 32 petition and his direct appeal were consolidated. The Arizona Court of Appeals affirmed Rawlins' conviction and denied him relief on his Rule 32 petition. Rawlins petitioned the Arizona Supreme Court to review the decision of the Court of Appeals raising the following claims:
 
 
 5
 1. Did Defense Counsel's erroneous advice regarding the availability of a facilitation defense at trial deprive Appellant of his right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24 of the Arizona Constitution?
 
 
 6
 2. Did Appellant's Rule 32 Petition raise colorable claims of ineffective assistance of counsel, prosecutorial misconduct and perjury by a material State witness which deprived Appellant of a fair trial under the Fifth, Sixth, and Fourteenth Amendments?
 
 
 7
 3. Should Arizona decisions which preclude jury instructions on facilitation as a lesser included offense be overturned?
 
 
 8
 His petition for review was denied on May 3, 1989.
 
 
 9
 On September 6, 1989, Rawlins filed his first federal habeas petition raising the following claims:
 
 
 10
 1. Ineffective assistance of counsel in that counsel advised Petitioner of a non-existent defense--facilitation--which was not available to Petitioner and upon which advice Petitioner relied when in his testimony he admitted his participation in the crime.
 
 
 11
 2. His conviction was obtained in violation of the Fifth Amendment's guarantee against self-incrimination because he testified that he was guilty of facilitation when the instruction for facilitation was not available to him.
 
 
 12
 3. The unconstitutional preclusion of facilitation as a lesser included offense.
 
 
 13
 The State moved to dismiss the petition because it contained unexhausted claims. Rawlins opposed the motion to dismiss and requested the court to stay the action while he exhausted additional claims by presenting them to the state courts. Subsequently, Rawlins withdrew his motion to stay and filed an amended petition on November 30, 1989, which raised only the following claims:
 
 
 14
 1. Ineffective assistance of counsel when counsel advised him that a facilitation instruction would be available as a lesser-included offense, which caused him to reject the state's plea bargain and to testify against himself.
 
 
 15
 2. Denial of equal protection by the trial court's failure to give the facilitation instruction to the jury.
 
 
 16
 On December 13, 1989, the court granted Rawlins' motion to amend and supplanted the original petition with the amended petition (hereinafter referred to as the "first petition").[2]
 
 
 17
 On May 18, 1990, United States Magistrate Judge Morton Silver held a hearing on the issue of ineffective assistance of counsel. Prior to the hearing, Rawlins requested permission to amend his petition to add additional claims of prosecutorial misconduct and perjury by a state witness. Magistrate Judge Silver granted Rawlins' motion to amend with respect to the claims of prosecutorial misconduct and perjury because it appeared that these claims had been exhausted, i.e., fairly presented to the state courts, by his Rule 32 petition and subsequent appeal. The court granted Rawlins until August 15, 1990, to file an amended petition raising the prosecutorial misconduct/perjury claims. Rawlins did not file the amended petition in time.
 
 
 18
 After the first evidentiary hearing, Rawlins moved the court for permission to supplement his petition with additional ineffective assistance of counsel claims. The court denied the motion because 1) the record did not reflect all of those claims had been fairly presented to the state courts; 2) it was too late for Rawlins to add those claims which had been exhausted prior to the filing of the petition; 3) the court had already conducted an evidentiary hearing at which Rawlins' trial counsel had testified; and 4) such an amendment would be prejudicial to the respondents.
 
 
 19
 On October 18, 1990, the magistrate judge issued his proposed findings of fact and conclusions of law in relation to Rawlins' petition. He found that Rawlins had not raised Claim 2, the equal protection claim, on direct appeal or in collateral appeal of his first Rule 32 petition and concluded that because Rawlins would be precluded from returning to the state courts and raising Claim 2 federal review was also barred. He then addressed Rawlins' claim of ineffective assistance of counsel on its merits and denied Rawlins relief. Rawlins filed his objections to the Report and Recommendation.
 
 
 20
 On November 18, 1990, Rawlins filed an "Emergency Motion for the Court's Rule to Amend, or to Submit Second Habeas Corpus with Additional Exhausted or Newly Exhausted Claims". Rawlins asserted that he had now exhausted new claims and wished to add eight more claims to his federal petition. On December 5, 1990, Rawlins filed a "Supplemental List of Newly Exhausted Claims for Federal Review". In this supplement, Rawlins alleged an additional five claims had been exhausted by filing a "Writ of Error Coram Nobis" with the Arizona Supreme Court.
 
 
 21
 On February 25, 1991, the magistrate judge entered a supplemental Report and Recommendation addressing the various motions to amend. He found that the majority of new claims Rawlins wished to add to his petition were unexhausted and the two claims that had been exhausted had not been properly presented to this district court.[3] He further recommended denying the various motions to amend and dismissing the two claims in the current petition on the merits or, in the alternative, allowing Rawlins,
 
 
 22
 to dismiss his entire petition for a writ of habeas corpus without prejudice provided he does so within ten (10) days of the service on him of a copy of this Report and Recommendation so that he may return to superior court to present his unexhausted claims in a petition for post-conviction relief and, if relief is denied, to seek all review required by federal law to properly exhaust those claims in the state appellate courts.
 
 
 23
 Rawlins refused to voluntarily dismiss his petition and filed objections to the Supplemental Report and Recommendation. On March 21, 1991, United States District Judge William Copple, based on his review of the record and the magistrate's Report and Recommendations, denied the motions to amend and dismissed the petition. The record does not indicate that Rawlins appealed this decision.
 
 
 24
 On February 18, 1992, Rawlins filed his second federal petition for a writ of habeas corpus in which he raised the following claims:
 
 
 25
 1. Ineffective Assistance of counsel because:
 
 
 26
 a. Counsel erroneously informed petitioner of a defense that was barred under state law;
 
 
 27
 b. Counsel failed to call numerous defense witnesses;
 
 
 28
 c. Counsel failed to ask for a mistrial upon discovering that the facilitation instruction could not be given; and
 
 
 29
 d. Counsel failed to discover, before trial, whether the facilitation instruction could be given;
 
 2. Prosecutorial misconduct because:
 
 30
 a. The prosecutor solicited perjured testimony from Keith Sorenson, the state's star witness;
 
 
 31
 b. The prosecutor failed to inform the defense counsel that the facilitation instruction could not be given; and
 
 
 32
 c. Brady and Giglio violations;
 
 
 33
 3. The trial judge committed plain error when he failed to protect petitioner's rights by not informing the defense counsel that the facilitation instruction could not be given and failure to declare a mistrial when it was discovered by defense counsel the instruction would not be given;
 
 
 34
 4. Petitioner's due process rights were violated because Keith Sorenson committed perjury in exchange for immunity;
 
 
 35
 5. Deprivation of lawful notice of the charges, disallowing the chance to make and prepare a meaningful defense thereto;
 
 
 36
 6. Due Process violation when petitioner failed to receive the necessary jury instruction that went to the theory of his affirmative defense;
 
 
 37
 7. Petitioner was compelled to be a witness against himself;
 
 
 38
 8. The indictment was defective for failing to give lawful notice, because a variance of facts were used to convict (variance between those given petit and grand juries);
 
 
 39
 9. Unconstitutional refusal to give petitioner the confidential informant's identity and whereabouts;
 
 
 40
 10. The Arizona Rules of Criminal Procedure are unconstitutional;
 
 
 41
 11. The "aiding and abetting" instruction as given to the jury failed to ask the jury to deliberate on an element of intent;
 
 
 42
 12. Unconstitutionally manipulated grand jury, because the grand jury was never read the facilitation statute;
 
 
 43
 13. The Arizona Supreme Court's holding that facilitation is not a lesser-included offense, but merely a theory of prosecution denies equal protection and due process;
 
 
 44
 14. The Arizona Attorney General has no common law powers; therefore, petitioner only had state remedies via extraordinary remedies, i.e., special action or habeas corpus; and
 
 
 45
 15. The Arizona courts and prosecution, including most of the Arizona Bar Association, are operating under the Commerce Clause of the United States Constitution, and therefore relief under the Uniform Commercial Code should have been granted.
 
 
 46
 Rawlins filed over 1100 pages of exhibits and argument in support of his petition. The State filed a motion for summary judgment asserting the second petition constituted an abuse of the writ in violation of Rule 9(b) of the Rules Governing § 2254 Cases. In opposition to the motion for summary judgment Rawlins submitted a twenty seven page response and over 800 pages of additional exhibits. Magistrate Judge Silver refused to consider the mass of additional exhibits and directed the Clerk not to file them. Rawlins appealed the decision to District Judge Copple who affirmed the decision not to file the additional exhibits. On May 1, 1994, the district judge dismissed the second petition as an abuse of the writ for which Rawlins had failed to show cause or prejudice or a fundamental miscarriage of justice.[4]
 
 II.
 
 47
 A. The Expiration of Rawlins' Sentence Does Not Render His Case Moot and Deprive This Court of Jurisdiction
 
 
 48
 The State argues that because Rawlins' sentence expired after he filed his notice of appeal in this action his petition is moot and this Court lacks jurisdiction over the issues raised.
 
 
 49
 Federal habeas corpus jurisdiction of state inmates is limited to petitions for relief from persons who are "in custody in violation of the Constitution and laws of the United States". 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language as requiring the habeas petitioner to be "in custody" under the conviction or sentence under attack at the time his petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). So long as the district court had jurisdiction when the case was filed, "it is not defeated by the release of the prisoner prior to the completion of the proceedings on such an application." Id.
 
 
 50
 Citing to Maleng v. Cook, 490 U.S. 488 (1989), the State argues that since Rawlins has fully served his 1987 sentence, his claims for federal habeas relief are moot. Maleng is distinguishable from the present action. In Maleng, an inmate sought to challenge a sentence that had fully expired at the time his petition was filed because the expired sentence was used to enhance his new term of imprisonment. Id. at 492. Rawlins was incarcerated as a result of the 1987 drug convictions at the time he filed his second petition for federal habeas relief on October 26, 1992. This court's jurisdiction is not defeated by a habeas petitioner's subsequent release from confinement and the Attorney General for the State of Arizona is admonished not to assert this argument in this Court in the future.
 
 
 51
 B. The District Court Did Not Abuse Its Discretion by Refusing to Consider the 800 Pages of Exhibits Rawlins Offered in Opposition to the State's Motion for Summary Judgment
 
 
 52
 This court reviews the district court's evidentiary rulings for an abuse of discretion and does not reverse those decisions absent some prejudice to the appealing party. Morgan v. Woessner, 997 F.2d 1244, 1260 (9th Cir.1993), cert. denied, 114 S.Ct. 671 (1994). In refusing to accept the 800 pages of exhibits the court correctly noted they "appear to be [a copy] of every document he had filed since his conviction." Many of the exhibits are duplicates of documents already in the court's files. Further, Rawlins has not pointed to any prejudice he suffered because the court refused to consider his exhibits.
 
 
 53
 C. Rawlins Was Not Entitled to a Jury Trial on His Second Habeas Petition
 
 
 54
 Rawlins was not entitled to have a jury rule on his federal habeas petition. "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.
 
 
 55
 D. The District Court Did Not Abuse its Discretion by Dismissing Rawlins' Second Petition as Abusive and Successive
 
 
 56
 A district court's denial of consideration of the merits of a petition on the grounds that it is abusive and successive, is reviewed for an abuse of discretion. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). A court abuses its discretion if the court's decision is based on "an erroneous legal conclusion or on a clearly erroneous finding of fact." Id.
 
 
 57
 Under Rule 9(b) of the Rules Governing § 2254,
 
 
 58
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to present those grounds in a prior petition constituted an abuse of the writ.
 
 
 59
 Rawlins contends Rule 9(b) does not apply to his second federal habeas petition because the district court was precluded from ruling on the merits of his first federal petition because it contained both exhausted and unexhausted claims.
 
 
 60
 1. The District Court Was Not Precluded From Ruling on the Merits of Rawlins' First § 2254 Petition
 
 
 61
 Before a federal habeas court can reach the merits of a state inmate's claim, he must establish that he has exhausted the available state remedies for that claim. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied by a finding that the essential legal theories and factual allegations advanced in federal court are the same as those advanced at least once to the highest state court. Picard v. Connor, 404 U.S. 270, 275-76 (1971).
 
 
 62
 In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that federal habeas petitions that contain both exhausted and unexhausted claims, "mixed petitions", must be dismissed. Id. at 533. A petitioner who files a "mixed petition" may (1) amend the petition and proceed with only the exhausted claims, setting aside the unexhausted, or (2) have the petition dismissed without prejudice and return to the state court to exhaust the unexhausted claims, and then return to federal court with all the claims for relief. Id. at 514. Where, however, a claim that has not been previously presented to the state's highest court would be precluded from consideration in that court because of a state procedural bar, further exhaustion is not required. Teague v. Lane, 489 U.S. 288, 297-98 (1989). Dismissal of a claim on the grounds that it is procedurally defaulted, is a decision on the merits for abuse of the writ analysis. Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir.1990).
 
 
 63
 Rawlins' first federal petition contained only two claims. The district court found that Rawlins had exhausted his First Claim by means of his Rule 32 petition and subsequent petition for appeal to the Arizona Supreme Court. The court held a hearing on the First Claim and dismissed it on the merits. The district court concluded that Rawlins had not presented his Second Claim to the Arizona Supreme Court. The court further found that,
 
 
 64
 petitioner had ample opportunity, in both his direct appeal and petition for post-conviction relief, but failed to raise claim two in state court, petitioner is precluded from returning to state court and raising the claim pursuant to State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989).
 
 
 65
 In Arizona, state prisoners attacking the constitutionality of their convictions must do so by way of direct appeal or a Rule 32 petition for post-conviction relief and subsequent appeal. State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989); see Coley v. Gonzales, 55 F.3d 1385, 1388 (9th Cir.1995). In 1990, an Arizona inmate could obtain collateral review of any federal constitutional claim by filing a petition for post-conviction relief pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure.[5] Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). However, under Rule 32.2(a), such review was barred if the issue was "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding." Id. at 460 (citing Ariz.R.Crim.P. 32.2(a). Further Rule 32.2(c) provided that,
 
 
 66
 [t]he court may infer from the petitioner's failure to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.
 
 
 67
 Id. When reviewing his first federal petition, the district court could infer that Rawlins would be barred from raising the Second Claim in any subsequent state proceeding because he had been represented by counsel in his prior Rule 32 petition and had not raised the federal constitutional grounds in Claim 2. cf. Johnson, 929 F.2d at 463 (inference of waiver in Rule 32.2(c) is applicable only when inmate represented by counsel in previous Rule 32 proceeding).
 
 
 68
 Rawlins argues that the district court could not reach the merits of his first federal petition because he had actions pending in state court. These actions included:
 
 
 69
 a second Rule 32 petition filed April 27, 1990, in the Maricopa County Superior Court, denied as barred on June 19, 1990, and petition for review thereof denied March 4, 1992, by the Arizona Supreme Court; "Petition for Special Action" denied by the Arizona Supreme Court on November 14, 1990; "Petition for a writ of Error Coram Nobis", denied December 3, 1990; Petition for a writ of habeas corpus, denied by the Arizona Supreme Court on February 13, 1992.
 
 
 70
 Except for the second Rule 32 petition for post-conviction relief, none of the above actions were a sufficient means for exhausting his state remedies. Further, a petitioner's pursuit of state post-conviction relief on claims external to the federal petition does not preclude the court from rendering a decision on the merits of a petition containing only exhausted or procedurally defaulted claims. Rose v. Lundy, 455 U.S. 509, 520 (1982); see Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir.1990).
 
 
 71
 The first federal petition did not contain any claims for which further state relief was available. The district court's dismissal of the first petition constituted a decision on the merits for abuse of the writ analysis.
 
 
 72
 2. Rawlins Did Not Establish Cause and Prejudice Requiring Further Review of his Abusive and Successive Claims
 
 
 73
 Unless a habeas petitioner demonstrates cause and prejudice, or a "fundamental miscarriage of justice", a federal court may not reach the merits of successive or abusive claims in his habeas petition. Clark v. Lewis, 1 F.3d 814, 819 (9th Cir.1993). "A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief which is new and different than a claim raised in a previous petition and determined on the merits." Campbell v. Blodgett, 997 F.2d 515, 515-16 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). "[A] different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive". Id. at 516 (citing Sanders v. United States, 373 U.S. 1, 16 (1963)). A claim is abusive if it is raised for the first time in a subsequent federal habeas petition and it could have been raised in a previous petition. Moran v. McDaniel, 80 F.3d 1261, 1270 (9th Cir.1996). In the context of abusive claims, cause requires the petitioner to show that some objective, external impediment prevented him from raising the new claim in his prior petition, i.e., government interference, or the factual basis for the claim. Id. at 492. For successive claims, a "petitioner must show cause for seeking review of the same claim twice--such as the discovery of new facts, or an intervening change in the law". Campbell, 997 F.2d at 524. If petitioner cannot establish cause, this court need not consider the prejudice prong. Williams v. Calderon, 83 F.3d 281, 287 (9th Cir.1996).
 
 
 74
 The state contended and the district court found, that claims 1(a) and 6 of the second federal petition were successive and the remainder of the claims were abusive.[6] Rawlins argues the cause for his failure to raise his claims in the first petition was the district court. Essentially, Rawlins contends the district court prevented him from exhausting his state remedies and presenting these new claims in his first federal petition for habeas relief. This argument is belied by the record. The district court provided Rawlins with every opportunity to have his exhausted claims addressed on the merits.
 
 III.
 
 75
 The Court AFFIRMS the judgment of the district court. Indeed, the lower court is to be commended for its extraordinary efforts to protect Rawlins' rights in this case.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Arizona, an inmate's avenues for post-conviction relief are limited to direct appeal, or a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. See Comments to Ariz.R.Crim.P. 32
 
 
 [2]
 The district court's opinion in the present action refers to this amended petition as "adding additional claims". However, the procedural history of the first case and statements of the Magistrate Judge clearly indicate that the amended petition supplanted the original petition
 
 
 [3]
 The two claims that were exhausted were the prosecutorial misconduct and perjury claims that were supposed to be submitted by August 15, 1990
 
 
 [4]
 The court, alternatively, found the majority of the claims in the second petition had not been fairly presented to the Arizona Supreme Court and were now procedurally defaulted. Because it is not necessary so to do, the Court does not address this portion of the district court's decision
 
 
 [5]
 Rule 32 of the Ariz.R.Crim.P. was amended on Sept. 30, 1992. The reference to Rule 32 in this memorandum refers to the pre-1992 Rule 32
 
 
 [6]
 Claim 1(a): counsel erroneously informed petitioner of a defense that was barred under state law
 Claim 6: denial of due process by the court in refusing to give a requested instruction.