Clarence JACKSON, Appellant,

v.

Hoyt C. CUPP, Appellee.

No. 81–3423.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1982.

Decided Nov. 29, 1982.

868

Hollis K. McMilan, Portland, Or., for appellant.

Richard David Wasserman, Virginia L. Linden, Salem, Or., for appellee.

Before GOODWIN and POOLE, Circuit Judges, and WILKINS,* District Judge.

PER CURIAM.

Clarence Jackson III, an Oregon state prisoner, appeals the district court's denial of his habeas petition. The appeal is dismissed for failure to exhaust state remedies.

Jackson was convicted in Multnomah County Circuit Court of first degree theft in 1977 and sentenced to five years in prison. The Oregon Court of Appeals affirmed the conviction without an opinion. *State v. Jackson*, 35 Or.App. 759, 583 P.2d 42 (1978). Jackson apparently did not seek review in the Oregon Supreme Court. He alleged in his petition that the public defender "refused to go beyond original appeal."

The Marion County Circuit Court denied Jackson's petition for post-conviction relief. The Oregon Court of Appeals dismissed Jackson's appeal from that denial on the ground that the trial court had not issued a final order. Jackson filed a new notice of appeal after the trial court entered a final order. Despite representation by appointed counsel, Jackson thereafter later personally notified the state Court of Appeals that he was disgusted with state court procedures and that he intended to proceed in federal court.

Jackson filed a petition in the district court, arguing that: (1) although he had never received *Miranda* warnings, his statements were admitted at trial; (2) the trial court interfered with his right to counsel; (3) his trial counsel was incompetent and married to the trial judge's secretary; (4) the evidence was insufficient to support the conviction; and (5) the trial court's delay in signing a final order interfered with Jackson's right to appeal the denial of post-conviction relief.

Jackson had raised the first and fourth issues on direct appeal to the Oregon Court of Appeals; he had raised the second and third issues in his post-conviction petition.

Jackson never raised in state court the fifth issue regarding the trial court's delay in issuing a final order in his post-conviction proceeding. In response to the state's motion to dismiss, the magistrate recommended that because the substance of Jackson's post-conviction claim (ineffective counsel) had been heard and decided by the state trial court, it was unnecessary for Jackson to bring a second post-conviction petition to raise the delay issue.

The state subsequently filed a new pleading which agreed that Jackson had presented the first four issues in state court and therefore had exhausted state remedies. The state also agreed that Jackson had not raised the fifth issue in state court, but conceded that the exhaustion requirement had been met.

We hold that the state cannot concede exhaustion. Policy considerations which transcend the desire of either or both parties to get on with the case preclude agreements or stipulations of exhaustion.

Two related but distinct doctrines of federal habeas corpus law—exhaustion of state remedies and state procedural default—play important roles in state prisoner appeals. Both doctrines stem from the basic

* The Honorable Philip C. Wilkins, Chief Judge, United States District Court for the Eastern District of California, sitting by designation.

principle of federalism that federal courts should accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus.

### A. Exhaustion of State Remedies

■ The exhaustion doctrine, first developed in case law, is now codified as 28 U.S.C. § 2254.[1] Section 2254(b) requires federal habeas applicants to exhaust available state remedies. A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim, *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir.1981); *Carothers v. Rhay,* 594 F.2d 225, 228 (9th Cir.1979), or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies remained available to the petitioner, *Engle v. Isaac,* 456 U.S. 107, 125, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed. 2d 783 (1982).

■ If the petitioner presents the claim to the highest state court, the federal courts will find that exhaustion has been satisfied. However, if the petitioner alleges that § 2254 is satisfied because no remedies remained available, the federal courts must inquire why state remedies were not available.

■ In some cases the petitioner may be deemed to have waived the claim by failing to present it properly to the state courts. *Engle v. Isaac, supra; Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Thus, if exhaustion

exists solely because no state remedies remain available to petitioner, the federal court will decline to reach the merits if the reason for nonavailability is a state procedural default that amounts to a waiver.

### B. State Procedural Default

■ A state prisoner who contends that he is detained in violation of federal law is entitled to an independent determination of the federal claim by the federal courts. *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). A state court determination on the merits of the federal claim is desirable because it may make federal review unnecessary, but it does not necessarily bind the federal courts. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). However, when the prisoner has not complied with reasonable state procedures and the state court has not resolved the merits of the federal claim as a result of this default, the federal courts may, as a matter of comity, decline to reach the merits.[2] *E.g., id.; Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 848–49; 9 L.Ed.2d 837 (1963).

The Supreme Court has articulated two tests—deliberate bypass and cause-and-prejudice—to determine whether the federal courts should reach an issue waived in state court. The deliberate bypass test, announced in *Fay v. Noia,* 372 U.S. at 438–39, 83 S.Ct. at 848–49, recognizes a limited discretion to deny relief when the petitioner has deliberately bypassed state procedures. The test applies the classic definition of

---

1. 28 U.S.C. § 2254 provides in part:

   "(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

   "(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law

   of the State to raise, by any available procedure, the question presented."

2. The procedural default doctrine is based on comity and is not jurisdictional; the federal courts have the power to reach the merits notwithstanding a state procedural default. *Fay v. Noia,* 372 U.S. 391, 437–438, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963). That this remains so is implicit in the holding that the federal courts will review federal issues notwithstanding a state procedural default if the petitioner shows good cause for the default and prejudice from it. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977).

waiver—whether the petitioner intentionally relinquished a known right. *Id.* at 439, 83 S.Ct. at 849. The Court found in *Fay* that the petitioner's failure to appeal his murder conviction on the ground that his confession had been coerced did not constitute a deliberate bypass because his "grisly choice" was to decline to appeal and remain sentenced to life imprisonment or to appeal and risk a death sentence on retrial. *Id.* at 440, 83 S.Ct. at 849.

The cause-and-prejudice test, announced in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), precludes federal habeas relief unless the petitioner shows cause for the bypass of state procedures and actual prejudice arising from the default. Although *Sykes* narrowed the scope of review under *Fay, Sykes* did not overrule *Fay* and explicitly left open the question whether the cause-and-prejudice test should ever apply to a failure to appeal. *Id.* at 88, n. 12, 97 S.Ct. at 2507, n. 12.

■ We need not decide in this case whether this is a proper case in which to apply the "cause-and-prejudice" test to a failure to appeal because the failure to appeal here was a deliberate bypass. Jackson may have had a number of more or less understandable reasons for his exasperation. There was delay by the court reporter and in the state trial court. The prisoner's unilateral decision to ask the state Court of Appeals to dismiss his appeal so he could go to federal court, while improvident, was a deliberate act on his part and constituted a deliberate bypass of an existing state remedy.

Accordingly, the denial of the writ by the district court is affirmed, not on the merits, which we do not reach, but for the reason that the petition should have been dismissed for failure to exhaust state remedies.

Affirmed.