**Bobby Reed MAGBY,
Petitioner-Appellant,**

v.

**Donald WAWRZASZEK and the Attorney General of the State of Arizona,
Respondents-Appellees.**

**No. 83–2663.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1984.

Decided Aug. 21, 1984.

Stanton Bloom, Tucson, Ariz., for petitioner-appellant.

Robert S. Golden, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before CHOY, PREGERSON, and REINHARDT, Circuit Judges.

PREGERSON, Circuit Judge:

Bobby Magby appeals a judgment of the United States District Court for the District of Arizona dismissing his petition for habeas corpus under 28 U.S.C. § 2254 (1982). This is Magby's second federal habeas petition. The district court denied the first one, *Magby v. Moran*, Civ. No. 77–744–Phx–WPC (D.Ariz. Jan. 3, 1978) (unpublished memorandum and order), and another panel of our court affirmed by memorandum, *Magby v. Moran*, 605 F.2d 562 (9th Cir.1979) (mem.), *cert. denied*, 444 U.S. 1016, 100 S.Ct. 669, 62 L.Ed.2d 646 (1980).

In renewing the attack on his conviction for murder and subsequent imprisonment in Arizona, Magby raises essentially five

arguments.[1] The district court dismissed each one. *Magby v. Wawrzaszek*, Civ. No. 83–728–Phx–WPC (D.Ariz. Nov. 14, 1983). On appeal, the relevant law precludes us from considering all but one of these arguments because Magby has failed either to overcome the pertinent rules governing relitigation of the same federal habeas claim, *see* Fed.Habeas R. 9(b), or to comport with the standards governing procedural default outlined in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Therefore, as to the four precluded arguments discussed below, we affirm. As to the remaining argument, the claim that Magby's probation officer obtained an involuntary confession, we reverse and remand for further proceedings.

## FACTS

Magby was on probation for obstructing justice, a misdemeanor, when Arizona charged him with first degree murder. The facts of the incident, reported in *State v. Magby*, 113 Ariz. 345, 554 P.2d 1272 (1976), showed that Magby shot a drinking companion. Two days after the shooting, John Burch, Magby's probation officer, visited Magby in custody. Burch, who did not give Magby his *Miranda* warnings, went to the jail on his own initiative. He asked Magby why he was in jail. Magby then related the shooting incident and confessed his guilt. *See* 113 Ariz. at 348–49, 554 P.2d at 1275–76.

Burch gave the damaging information to the police, who provided it to the prosecution. At trial, the State made Magby's admissions part of its case-in-chief. The State also produced independent evidence, including eyewitnesses, demonstrating that Magby had shot the victim. A jury convicted him. On appeal, Magby contended, among other things, that because Burch had failed to give Magby his *Miranda* warnings, the trial court had erred in admitting Burch's testimony. The Arizona Supreme Court agreed, but affirmed anyway on the ground that the State's other independent evidence of guilt justified the verdict and rendered the error harmless beyond a reasonable doubt. *Id.* at 353, 554 P.2d at 1280.

Next, Magby petitioned the federal district court in Arizona for habeas corpus.

He offered six grounds. The principal grounds were that the probation officer had obtained Magby's confession in violation of *Miranda*, and that the probation officer, irrespective of *Miranda*, had obtained an involuntary confession. The district court rejected the *Miranda* ground because the error was harmless beyond a reasonable doubt. *Magby v. Moran*, Civ. No. 77–744–Phx–WPC, slip op. at 3 (D.Ariz. Jan. 3, 1978) (unpublished memorandum and order). But the court declined to reach the involuntariness ground because, it concluded, Magby had not raised it during the state proceedings. *Id.* at 5 n. 1. The Ninth Circuit affirmed. *Magby v. Moran*, 605 F.2d 562 (9th Cir.1979) (mem.).

Acting on the basis of the district court's footnote discussing his failure to exhaust state remedies for the involuntariness claim, Magby returned to the Arizona courts. There he pressed several post-conviction motions designed to exhaust his remedies on the involuntariness theory. The Arizona courts denied every motion bearing on the question. *See, e.g., State v. Magby*, No. A–24765 (Pima County Super.Ct. Dec. 23, 1980) (minute entry).

Having exhausted the involuntariness question in state court, Magby returned to federal district court. He pressed the involuntariness argument and the other four arguments examined below. But the district court refused to reach the merits of any of his claims, including the involuntariness argument. The court reasoned that during his 1974 trial, Magby had failed to make timely objections to the admission of the confession based on involuntariness. It ruled, therefore, that Magby had procedurally defaulted, and thus could not raise his new theory in federal court absent a showing of "cause" and "prejudice" within the meaning of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and its progeny. *Magby v. Wawrzaszek*, Civ. No. 83–728–Phx–WPC, slip op. at 7 (D.Ariz. Nov. 14, 1983).

The district court denied the petition, and Magby appealed.

## DISCUSSION

### A. *Involuntariness Argument*

 Magby contends that the probation officer obtained Magby's confession invol-

---

**1.** Magby's petition actually sets out six arguments, but we think that "Ground Three" simply repeats the same claims he makes in Grounds

One and Two. *See* Petition for a Writ of Habeas Corpus by a Person in State Custody at 5 (submitted D.Ariz. Apr. 11, 1983).

untarily. He urges us to grant habeas corpus even though both the Arizona and federal courts have thoroughly considered and rejected his *Miranda* argument. Magby reasons that taking an involuntary confession constitutes an error separate and independent from the probation officer's failure to give *Miranda* warnings.[2] In considering his first petition, the district court seemed to agree. *Magby v. Moran,* Civ. No. 77–744–Phx–WPC, slip op. at 5 n. 1 (citing *United States v. Bernett,* 495 F.2d 943, 949 (D.C.Cir.1974) (Robinson, J., dissenting in part) (distinguishing challenge based on *Miranda* from attack based on involuntariness)).

■ We express no opinion on the merits of Magby's involuntariness contention because we think the district court should address the issue in the first instance. In considering Magby's second petition, the district court thought Magby had procedurally defaulted. We disagree. In rejecting Magby's second round of post-conviction motions, the Arizona courts found, and our review of the record confirms, that Magby's counsel did raise the involuntariness issue at trial. *See, e.g., State v. Magby,* No. A–24765, slip op. at 2 (Pima County Super.Ct. Sept. 25, 1974) (minute entry denying motion in limine); *see also State v. Magby,* No. A–24765, slip op. at 1 (Pima County Super.Ct. Dec. 23, 1980) (minute entry denying post-conviction relief). Given the particular facts that this case presents, we see no reason to reject the Arizona courts' determination that Magby did, after all, properly raise the issue during the original state court proceedings. Therefore, the district court should have entertained the involuntariness claim on the merits. We reverse and remand for this purpose.

■ On remand, the district court should consider Magby's claim in light of the Supreme Court's recent decision in *Minnesota v. Murphy,* —— U.S. ——, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). *Murphy* held that a probationer who confesses to a crime during a non-custodial meeting with his probation officer is considered to have done so voluntarily unless he takes the initiative to assert his Fifth Amendment privilege. After *Murphy,* the privilege is not self-executing, and the parole officer is under no obligation either to remind the probationer of the privilege or to administer *Miranda* warnings. Without expressing an opinion on *Murphy*'s effect, if any, on Magby's case, we note that Magby's probation officer—unlike the officer in *Murphy*—did question the probationer in a custodial setting.

### B. *Other Arguments*

Magby raises four other arguments, all of which suffer from defects that make it unnecessary for us to consider them on the merits.

1. *Admission to first psychiatrist.* The Arizona trial court appointed Dr. Hoogerbeets to examine Magby and to determine whether he was competent to stand trial. Dr. Hoogerbeets testified to certain admissions Magby had made to him. Magby now challenges this testimony on Fifth Amendment grounds.

■ Magby is precluded from raising this challenge for a second time. The district court considered and rejected this attack in passing on Magby's first habeas

---

**2.** In his first petition, Magby contended that the probation officer obtained the confession without giving Magby his *Miranda* warnings (the *Miranda* argument). Without *Miranda,* Magby says, he was ignorant of his Fifth Amendment right not to incriminate himself. The district court rejected this theory, which is not before us today. The district court ruled that Magby was entitled to *Miranda,* but agreed with the Arizona Supreme Court that the probation officer's failure to give the warnings was harmless beyond a reasonable doubt in light of the independent evidence of his guilt.

In his second petition, the one before us today, Magby contends that even if failure to receive *Miranda* warnings does not constitute reversible constitutional error, the probation officer obtained Magby's confession in an inherently coercive environment (the involuntariness argument). Under these circumstances, he says, we should grant habeas relief for a violation of his fundamental right to due process under the Fourteenth Amendment.

petition. Although res judicata principles do not apply in habeas corpus, 3 C. Wright, *Federal Practice and Procedure,* Criminal § 602, at 516–17 (2d ed. 1982), the district court is not required to re-evaluate every repetitive petition that a prisoner files. The matter is discretionary with the court. *See Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963), *codified in* Fed.Habeas R. 9(b).[3]

■ We think the district court properly dismissed this repetitive claim.

■ 2. *Admission to second psychiatrist.* Magby argues that his admission to Dr. Clymer, whom the trial court appointed for the same reason that it appointed Dr. Hoogerbeets, violated the Sixth Amendment because no counsel was present during the interview. Magby adds that Dr. Clymer should have given *Miranda* warnings.

Magby raises this claim for the first time. The district court rejected it because Magby failed to demonstrate "cause" and "prejudice" within the meaning of *Wainwright v. Sykes* and its recent progeny, particularly *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). "Cause" is a legitimate excuse for the default; "prejudice" is actual harm resulting from the alleged constitutional violation. *See The Supreme Court, 1981 Term,* 96 Harv.L.Rev. 62, 219 (1982) (analyzing *Engle v. Isaac* ).

We see no reason to upset this finding. The district court cited several state and federal cases, all antedating Magby's 1974 trial, which recognized the inherently coercive atmosphere that can attend court-appointed psychiatrists's interviews with defendants. *See Magby v. Wawrzaszek,* Civ. No. 83–728–Phx–WPC, slip op. at 11 (D.Ariz. Nov. 14, 1983) (citing cases). Magby had the tools he needed to raise the

challenge but did not. Therefore, he procedurally defaulted.

3. *Jury instruction regarding involuntary acts.* Magby argues that the trial court, in telling the jury that it could infer intent from Magby's involuntary acts, placed some of the burden of proof on defendant. Instead, says Magby, the prosecution carries the entire burden of proving every element of the crime beyond a reasonable doubt. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

This argument also fails. Magby did not raise the issue either at trial or on direct appeal to the Arizona courts. Nor has he established cause for his failure to do so. Therefore, he is precluded from raising the matter now.

4. *Jury instructions regarding self-defense theory.* Magby contends that the trial court improperly shifted the burden of proof to him when it instructed the jury on the theory that Magby shot the victim in self-defense. The court told the jury that Magby, to press the defense successfully, had to raise a reasonable doubt as to his own guilt. The court also instructed the jury that it could impute malice to Magby's behavior if the prosecution demonstrated that the homicide had been committed with a deadly weapon absent mitigating circumstances.

Arizona · argues correctly that Magby failed to raise this challenge at trial and on direct appeal to the Arizona courts. Having failed not only to pursue this attack earlier, but also to establish cause for this failure, he is precluded from doing so now.

## CONCLUSION

Magby is precluded from pressing four of his five arguments before us. The dis-

---

3. The *Sanders* rule is codified in Pub.L. 94–426, § 2(7), 90 Stat. 1333, 28 U.S.C. § 2254 app. at 357 (1982) (Rules Governing Section 2254 Cases in the United States District Courts). Rule 9(b) says in full:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

trict court rejected them, and we affirm. But Magby is not precluded from pressing his involuntariness claim in federal court. The district court should have considered it on the merits. Therefore, we REVERSE and REMAND for further proceedings.