**Melvin Bernard COLEY, Plaintiff,**

v.

**David GONZALES, et al., Defendant.**

**No. CIV 91–380–TUC–WDB.**

United States District Court,
D. Arizona.

Nov. 2, 1992.

Melvin B. Coley, Florence, AZ, for plaintiff.

Eric J. Olsson, Asst. Atty. Gen., Tucson, AZ, for defendant.

## ORDER

WILLIAM D. BROWNING, Chief Judge.

Pending before the Court is Petitioner's *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1988). For the following reasons the Court will deny the Petition.

## ORDER AND OPINION

I. *Factual and Procedural Background*

In 1987, the State charged Petitioner with having committed first-degree murder. The jury, however, convicted Petitioner of three other crimes stemming from the death of Karl Martin: (1) conspiracy to commit a first-degree felony (first-degree

1. This claim appears as "Ground Three" in the instant petition for writ of habeas corpus.

2. This claim appears as "Ground Two" in the instant petition for writ of habeas corpus.

murder); (2) conspiracy to hinder prosecution; and (3) hindering prosecution. The Petitioner also has a prior conviction for second-degree murder. The trial court, therefore, sentenced Petitioner to a life sentence of imprisonment without possibility of parole for twenty-five years for the conspiracy to commit murder conviction, and two concurrent, presumptive two-year prison terms for the hindering prosecution convictions.

After Petitioner was convicted, he moved for a new trial on several grounds: (1) improper joinder of the charges [1]; (2) juror misconduct [2]; (3) trial court error in failing to grant a directed verdict of acquittal on the murder-conspiracy charge; (4) insufficient proof of prior felony conviction for sentencing purposes; (5) newly discovered evidence. The trial court denied the motion for a new trial. Subsequent to the trial court's ruling, Petitioner moved unsuccessfully for reconsideration of the motion for directed verdict and the motion for a new trial.

On November 17, 1987, Petitioner filed a direct appeal in the Arizona Supreme Court.[3] He raised three issues on direct appeal: (1) improper joinder of the charges; (2) trial court error in denying the motion for directed verdict of acquittal; and (3) trial court error in refusing to suppress evidence found in the storage shed. However, on March 9, 1988, prior to the resolution of his appeal, Petitioner filed a petition for post conviction relief pursuant to Ariz. R.Crim.P. 32. On June 13, 1988, the Supreme Court stayed the direct appeal until completion of the Rule 32 proceedings in the trial court.

In his Rule 32 petition, Petitioner raised the claim that "newly discovered evidence existed that the state had made certain promises to witness Homer Payne ... and that the prosecutor had stood mute while Payne lied about those promises at trial." Answer, at 9. On September 23, 1988,

3. At the time Petitioner filed a direct appeal, the Arizona Supreme Court had jurisdiction over the appeal pursuant to Ariz.Rev.Stat.Ann. § 12–120.21(A)(1).

after an evidentiary hearing, the trial court denied the Rule 32 petition. Petitioner filed a motion for rehearing in the trial court.[4] On July 13, 1989, the trial court denied the motion for a rehearing. Petitioner timely sought review by the Arizona Court of Appeals. On August 4, 1989, the Arizona Court of Appeals transferred Petitioner's appeal of the trial court's denial of the Rule 32 petition to the Arizona Supreme Court pursuant to Ariz.Rev.Stat. Ann. § 12–120.22(B). On August 30, 1989, the Arizona Supreme Court consolidated Petitioner's direct appeal and petition for review on the petition for post conviction relief.

In 1989, pursuant to Ariz.Rev.Stat.Ann. § 12–120.21(A)(1),[5] the Arizona Court of Appeals obtained jurisdiction to consider Petitioner's appeals. On November 13, 1990, in a consolidated memorandum decision, the Court of Appeals affirmed Petitioner's convictions on direct appeal and the trial court's denial of post conviction relief. On December 31, 1990, the Court of Appeals issued its mandate because Petitioner failed to seek review from the Arizona Supreme Court.

On July 23, 1991, Petitioner filed a Petition for Writ of Habeas Corpus in federal court. The Court dismissed the petition as a mixed petition under *Rose v. Lundy,* 455

U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). On July 30, 1991, Petitioner filed the instant, Amended Petition. Petitioner alleges three grounds for relief: (1) that the prosecution failed to disclose to defense counsel evidence that was favorable to Petitioner[6]; (2) that fundamental error occurred through jury misconduct; and (3) that the trial court erred when it failed to sever the counts of first-degree murder and conspiracy from the counts of hindering prosecution and conspiracy to hinder prosecution.

## II. *Procedural Default*

Respondents contend that Petitioner has procedurally defaulted on three of his grounds for relief.

■ If Petitioner did not properly exhaust his claims, he must demonstrate "cause" and "prejudice" for his procedural default. *See Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir.1991). Both exhaustion and procedural default are doctrines based on principles of comity and federalism. *Coleman v. Thompson,* —— U.S. ——, ——, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). They are related to the independent and adequate state ground doctrine that ensures that the state's interest in correcting its own mistakes is respected in federal habeas cases.[7] *Id.*

---

4. While Petitioner's motion for rehearing of the trial court's denial of Rule 32 relief was pending in the trial court, he filed a "Motion for Leave to Amend, Supplement and Expand the Issues and Record," which alleged ten new issues. On November 7, 1989, the trial court issued a minute entry declaring that the trial court's denial of Rule 32 relief included Petitioner's *pro se* "Motion for Leave to Amend, Supplement, and Expand the Issues." Petitioner again moved for rehearing in the trial court. The record does not show a separate ruling on the this motion for a rehearing.

5. In April 1989, the Arizona legislature amended Ariz.Rev.Stat.Ann. § 12–120.21(A)(1) to delete the restriction denying appellate jurisdiction to the court of appeals in criminal actions involving crimes for which a sentence of life imprisonment has been imposed.

6. Petitioner incorporates by reference into Ground One, the ten issues he presented to the state trial court in his "Motion for Leave to Amend, Supplement and Expand the Issues and Record." Therein, Petitioner claimed that the

state failed to disclose the following evidence: (1) information that witness Elizabeth Kerwin had said she would lie about sexual contact with Petitioner; (2) Kerwin had access to the prosecution's and a codefendant's files as a janitorial employee; (3) several police investigators concealed unspecified evidence supplied by Kerwin; (4) unspecified evidence supplied by the victim's mother; (5) contents of a letter from the victim's mother; (6) that Kerwin and the victim's mother had a conversation based on the County Attorney's and the defense attorney's files; (7) Kerwin's use of information about the case in her paralegal class (8) that Kerwin had left notes to the County Attorney about the witness Hale; (9) that Hale had violated parole, in part, by forging a check on the victim's business account; and (10) that an unnamed employee of the County Attorney's Office had supplied unspecified information to the victim's mother.

7. The independent and adequate state ground doctrine prevents a habeas petitioner's end run around state court review. Justice O'Connor stated that "[i]n the absence of independent and

■ The exhaustion requirement, now codified at ·28 U.S.C. 2254(b), (c), requires federal habeas petitioners to exhaust available state remedies. *Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.1982). There are two ways for a petitioner to meet the exhaustion requirements: (1) by providing the highest state court with an opportunity to rule on the merits of his claim; or (2) by showing that, at the time petitioner filed his habeas petition in federal court, no state remedies remained available to him. *Id.* (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982)). *See also Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982) *cert. denied*, 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983).

■ The independent and adequate state ground doctrine precludes a federal court from addressing the merits of federal habeas petition filed by a state prisoner when the state courts refused to entertain the prisoner's claims on state procedural grounds. *Thomas*, 945 F.2d at 1122. Thus, where the last reasoned state court judgment rejecting the state prisoner's federal claims rests on the basis of a state procedural default, the petitioner's claims have not been fairly presented to the state's highest court and the claims are not properly exhausted. *Coleman*, —— U.S. at ——-——, 111 S.Ct. at 2558–59; *Ylst v. Nunnemaker*, —— U.S. ——, ——, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991). *See also Thomas*, 945 F.2d at 1122 ("Where 'the last reasoned opinion on the claim explicitly imposes a procedural default, [the courts are to] presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.'"). In these cases, because the state courts have refused to entertain the petitioner's claims on state procedural grounds, he had no state remedies left available to him. *See* Ariz.R.Crim.P. 32.2; *Tacho v. Martinez*, 862 F.2d 1376, 1379–80 (9th Cir. 1988).

adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their claims in state court." *Coleman*, —— U.S. at ——, 111 S.Ct. at 2555.

■ If the petitioner alleges that Section 2254(b) is satisfied because no state remedies remain available, however, the Court must test the petitioner's reasons for the unavailability of state remedies. *Jackson*, 693 F.2d at 869. "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, —— U.S. at ——, 111 S.Ct. at 2555 (citations omitted). However, if exhaustion exists solely because no state remedies remain available to petitioner, the Court may decline to reach the merits if the reason for unavailability is a state procedural default that amounts to a waiver. *Jackson*, 693 F.2d at 869.

■ Under the procedural default doctrine, if the federal habeas petitioner has failed to follow reasonable state procedures for presenting his claims to the state courts, he is procedurally barred from federal review unless he shows both cause and prejudice regarding his default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). " 'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas*, 945 F.2d at 1123 (quoting *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984)).

Here, Petitioner raised his first ground for relief in his "Motion for Leave to Amend, Supplement and Expand the Issues and Record" that he filed in conjunction with the Rule 32 petition. Petitioner, however, defaulted on his first ground for relief by failing to seek appellate review. Petitioner raised his second ground for relief in state court in his unsuccessful motion for a new trial. However, he failed to raise the claim on direct appeal and in his Rule 32 petition. Moreover, he would be foreclosed from raising the ground now because of his failure to raise the claim on direct appeal and in his Rule 32 petition.[8]

8. Petitioner raised his second ground for relief in his motion for a new trial filed after his conviction. The trial court denied the motion for a new trial. Petitioner did not again raise this ground on direct appeal or in his Rule 32

Petitioner raised his third ground for relief on direct appeal to the Arizona Court of Appeals. The Court of Appeals affirmed the trial court. Petitioner did not, however, seek review from the Arizona Supreme Court.

The Court finds that Petitioner failed to properly exhaust the above claims.[9] Petitioner still meets the technical exhaustion requirements, however, because he had no available state remedies when he filed the instant habeas petition.[10] Nonetheless, Petitioner has procedurally defaulted on these claims.

■ Where direct review is available in the state's highest court, failure to seek such review constitutes a procedural default even if review was afforded in the state's lower courts. See McNeeley v. Arave, 842 F.2d 230, 231–32 (9th Cir.1988). Petitioner, therefore, is procedurally barred from bringing these claims unless he can demonstrate "cause" for the default, and "prejudice" resulting therefrom. Tacho, 862 F.2d at 1380.

■ In the instant matter, Petitioner asserts that the cause for his procedural default lies in the 1989 amendment of Ariz. Rev.Stat.Ann. § 12–120.21(A)(1). Prior to the 1989 amendment, only the Arizona Supreme Court had jurisdiction to hear Petitioner's direct appeal pursuant to Ariz.Rev. Stat.Ann. § 12–120.21(A)(1) However, in 1989, the state legislature amended the statute to allow the courts of appeals to entertain direct appeals of criminal actions involving crimes for which a sentence of life imprisonment has been imposed.

According to Petitioner, he filed his November 17, 1987 appeal in the Arizona Supreme Court pursuant to Ariz.Rev.Stat. Ann. § 12–120.21(A)(1). The Arizona Supreme Court handled Petitioner's case well into 1989. However, pursuant to the 1989 amendment, sometime in late 1989 or early 1990, the Arizona Supreme Court transferred Petitioner's consolidated appeal to the Arizona Court of Appeals. Petitioner argues that because he originally filed his direct appeal in the Arizona Supreme Court, he did not default his claims. He asserts that Arizona Supreme Court's act of transferring his consolidated appeal to the Court of Appeals pursuant to the 1989 amendment "caused" the procedural default. He further argues that the default occurred because the Court of Appeals did not have jurisdiction to decide his consolidated appeal.

Petitioner has failed to demonstrate sufficient "cause" for his noncompliance with the state's procedural requirements. The Arizona Supreme Court properly transferred Petitioner's appeal to the Arizona Court of Appeals pursuant to the amended statute.[11] Petitioner has not shown that he was unaware of the transfer. The Court of Appeals' November 13, 1990 memorandum decision affirming the trial court clearly bears the heading "In The Court of Appeals, State of Arizona, Division Two." Nothing about the memorandum decision

petition. Instead, it reappears for the first time since the motion for a new trial in the instant Habeas Corpus action.

9. Because Petitioner sought review by the Arizona Supreme Court in another case, four years after *Shattuck,* and one year before the appellate decision in the instant case, this Court does not believe that he suffered from the type of justifiable confusion that could excuse noncompliance with the state's procedural rules. *See Harmon v. Ryan,* 959 F.2d 1457, 1461–62 (9th Cir.1992).

10. Under Ariz.R.Crim.P. 32.2, Petitioner is precluded from raising the claims at issue in another Rule 32 petition by his failure to raise them his direct appeal or his Rule 32 petition. *See Tacho,* 862 F.2d at 1379–80 (failure to comply with Rule 32 results in procedural default).

Here, Petitioner knew of his claim regarding alleged jury misconduct because he referred to it in his motion for a new trial. However, he failed to raise it in his Rule 32 petition. Moreover, he did not raise his first and third grounds on direct appeal to the Arizona Supreme Court. These claims, therefore, could have been raised on direct appeal, or in Petitioner's Rule 32 petition.

11. *See* Ariz.Rev.Stat.Ann. § 12–120.23 (1992) providing that "the supreme court may transfer to the court of appeals for decision a case or appeal pending before the supreme court if the case or appeal is within the jurisdiction of the court of appeals." Petitioner's consolidated appeal was within the jurisdiction of the Court of Appeals when the Arizona Supreme Court transferred it.

would indicate that it was issued by any court other than the Arizona Court of Appeals. The fact that Petitioner sought review by the Arizona Supreme Court in another case [12] one year before the appellate decision in the instant case demonstrates that Petitioner was aware that Arizona Supreme Court review of the Court of Appeals' decision was indeed available.

Because Petitioner has failed to show cause for his procedural default, the Court need not consider whether he suffered actual prejudice. *Tacho* 862 F.2d at 1381. Briefly, however, Petitioner asserts that he was "prejudiced" because the Court of Appeals did not have the jurisdiction to hear his direct appeal. Pursuant to the 1989 amendment of Ariz.Rev.Stat.Ann. § 12–120.21, his appeal was properly within the jurisdiction of the Arizona Court of Appeals. Therefore, Petitioner has also failed to show that he suffered actual prejudice.

## CONCLUSION

Because Petitioner has failed to excuse his procedural default on all three of his grounds for relief, the Court declines to entertain these claims on their merits.

Accordingly, IT IS ORDERED that Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED.

---

12. *State v. Coley,* 158 Ariz. 471, 763 P.2d 535 (App.1988) *review denied* by the Arizona Su- preme Court, November 15, 1988.