988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred Leon JONES, Petitioner-Appellant,
v.
George HERMAN; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 92-16163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-89-00615-EHC, Earl H. Carroll, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Alfred Leon Jones appeals pro se the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court held that Jones had failed properly to exhaust state remedies and to show cause for and prejudice from his procedural default. Because we have recently held that unclear Arizona law rendered the type of procedural default involved in four of Jones' five claims inadequate to bar federal habeas relief, we vacate the judgment of dismissal as to those claims and remand.
 
 PROCEDURAL HISTORY
 
 3
 Jones was convicted in 1985 of sexual assault, sexual abuse, aggravated assault, and kidnapping. He appealed to the Arizona Court of Appeals, raising the sole issue of whether the sentencing judge had improperly relied upon a prior felony conviction to enhance his sentence. Jones attempted to file a pro se supplemental brief raising additional issues, but that brief was stricken by order of the Court of Appeals and returned to him. In February 1986, the Arizona Court of Appeals affirmed the sentences on all but one of the counts and remanded for resentencing. Jones filed a petition for review by the Arizona Supreme Court, which the court of appeals rejected for improper form. In June 1986, the court of appeals issued an order and mandate noting that no petition for review had been filed. Jones next filed a special action in the Arizona Supreme Court seeking permission to file a delayed petition for review of his appeal. In September 1986, the Arizona Supreme Court declined to accept jurisdiction over Jones' special action, but noted that he could pursue a petition for post-conviction relief under Fed.R.Crim.P. 32.
 
 
 4
 Jones brought a petition for post-conviction relief in the Maricopa County Superior Court in February 1987, raising claims of ineffective assistance of counsel, unconstitutionality of the preliminary hearing, insufficiency of the evidence, and improper sentencing. The court dismissed the petition and denied Jones' motion for rehearing. In April 1988, the Arizona Court of Appeals addressed the merits of Jones' claims but denied relief, holding that some claims were unsupportable on the merits and others could not be reviewed because Jones had failed to provide any specific allegations. Jones did not appeal this decision to the Arizona Supreme Court, and the court of appeals issued another order and mandate in June 1988 noting that no petition for review had been filed.
 
 
 5
 Jones then brought a § 2254 motion in the United States District Court for the District of Arizona in April 1989, based on the four claims he had raised in his petition for post-conviction relief and a fifth claim that his jury was unconstitutionally selected and empaneled. In May 1992, the district court denied Jones' petition, holding that Jones had procedurally defaulted on his claims and had failed to demonstrate sufficient cause for the default. Jones appeals from that decision.
 
 DISCUSSION
 
 6
 We affirm the district court's dismissal of the jury selection claim. Jones argues that he raised this claim in his February 1986 supplemental brief to the court of appeals; that brief, however, was stricken by the court of appeals and returned to Jones. The district court therefore found that the jury selection claim had not been raised in state court, either on direct or collateral review, and that the claim was exhausted because Jones is precluded from raising the issue on a second Rule 32 petition. See Ariz.R.Crim.P. 32.2(a)(3), (c); Matias v. Oshiro, 683 F.2d 318, 321 (9th Cir.1982) (claim is exhausted when further state remedies are not available). We must decide whether Jones demonstrated the "cause" and "prejudice" that are a prerequisite for federal habeas review of his procedurally defaulted claim. Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). " 'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir.1984).
 
 
 7
 Jones alleged as "cause" of his default his lack of knowledge of the law and ineffective assistance of appellate counsel. A lack of legal knowledge is insufficient to meet the "cause" standard. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se petitioner's illiteracy is not legitimate "cause"). An ineffective assistance claim may provide cause for a procedural default if it has been presented to the state courts and exhausted as an independent claim. Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Here, however, the only ineffective assistance claim raised by Jones in state court regarded his trial counsel. Moreover, counsel's failure to recognize or raise a claim does not constitute cause for procedural default. Id. at 486-87. Rather, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 488. Jones clearly fails to meet this test. We therefore need not consider whether Jones has shown prejudice resulting from the alleged constitutional violation. Jones' failure to give the Arizona courts an opportunity to rule on the jury selection issue and his inability to establish cause for this failure preclude collateral relief on this claim in federal court.
 
 
 8
 We conclude, however, that the district court erred in holding that Jones' failure to raise the four remaining claims in a petition for review to the Arizona Supreme Court barred federal habeas relief. In Harmon v. Ryan, 959 F.2d 1457 (9th Cir.1992), we found that two opinions of the Arizona Supreme Court, Arizona v. Shattuck, 684 P.2d 154 (Ariz.1984), and Arizona v. Sandon, 777 P.2d 220 (Ariz.1989), had held that Arizona state remedies are exhausted once a defendant has sought review in the court of appeals, and that such was the state of the law in Arizona until our contrary holding in Jennison v. Goldsmith, 940 F.2d 1308, 1311 (9th Cir.1991). Arizona defendants were therefore justified in believing "that for all intents and purposes, the Arizona Court of Appeals was the state's highest court." Harmon, 959 F.2d at 1463. Because this lack of clearly defined state procedures precluded habeas petitioners from having a fair opportunity to seek relief in state court, we held that the petitioner's procedural default in failing to seek direct review in the Arizona Supreme Court was not adequate to warrant withdrawal of federal relief, see Harris v. Reed, 489 U.S. 255, 262 (1989), and that the district court had erred in dismissing his habeas petition on the basis of that default. Harmon, 959 F.2d at 1463.
 
 
 9
 Respondent Herman argues that Harmon does not apply here because Jones' filing of the 1986 special action seeking a delayed petition for review of his direct appeal indicates that he knew of the need to petition the Arizona Supreme Court for review and therefore was not misled by the erroneous state procedures. We reject Herman's attempt to read such a limitation into Harmon. Our holding in that case was not based on evidence that the petitioner was misled by or even was aware of the relevant Supreme Court decisions; rather, we "presumed" the petitioner's knowledge of Arizona law and focused on the objective question of "whether there were clearly defined procedures which informed him of a need to seek relief from [the state supreme] court." Id. Our holding in Harmon that "after Shattuck, the state procedures for seeking discretionary review were in practice sufficiently ill-defined that noncompliance with them is excused," id., requires us to conclude that Jones' procedural default in failing to seek Supreme Court review of his four original claims was insufficient to bar federal habeas relief. See Thomas v. Goldsmith, 979 F.2d 746, 750 (9th Cir.1992) (Harmon requires excusal of petitioner's failure to petition for review in the Arizona Supreme Court where petitioner was convicted after Shattuck but before Jennison ).
 
 CONCLUSION
 
 10
 Although the district court properly dismissed Jones' claim that the jury that convicted him was unconstitutionally selected and empaneled, the court erred in concluding that Jones was required to demonstrate cause and prejudice with regard to his procedural default on the remaining claims. We therefore remand those claims to the district court for consideration on the merits.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3