Melvin Bernard COLEY,
Petitioner–Appellant,

v.

David A. GONZALES, Respondent–
Appellee.

No. 93–17221.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1995.

Decided May 18, 1995.

Bret A. Maidman, Lewis and Roca, Phoenix, AZ, for petitioner-appellant.

Eric J. Olsson, Asst. Atty. Gen., Tucson, AZ, for respondent-appellee.

Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.

WALLACE, Chief Judge:

Coley, an Arizona State prisoner, appeals from the denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for conspiracy to commit first degree murder, conspiracy to hinder prosecution, and hindering prosecution. Coley argues that the district court's ruling that he is procedurally barred from bringing his claims is erroneous. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm in part, reverse in part, and remand.

## I

Although the history of this case is described in *Coley v. Gonzales,* 813 F.Supp. 705 (D.Ariz.1992) (*Coley* ), a brief review of the proceedings will serve to put this appeal in context.

In 1975, Arizona Rule of Criminal Procedure 32 was amended to consolidate several types of post-indictment writs, petitions and motions. Rule 32 encompasses the relief available by writ of habeas corpus. *See Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994) (discussing history of Arizona Rule 32). Coley had a direct appeal pending before the Arizona Supreme Court when he filed a Rule 32 petition in Arizona trial court on March 9, 1988. The Rule 32 petition was denied by the Arizona trial court on September 23, 1988. Following a 1989 amendment to Arizona Revised Statutes § 12–120.21(A)(1), the claims raised on Coley's direct appeal and his appeal of the Rule 32 trial court proceedings were consolidated and transferred to the Arizona Court of Appeals for resolution on August 30, 1989. The Arizona Court of Appeals disposed of Coley's claims, affirming the conviction on the direct appeal and affirming the denial of Rule 32 relief. Coley did not appeal to the Arizona Supreme Court, which could have granted him discretionary relief. The Arizona Court of Appeals mandate issued on December 31, 1990.

Coley then filed an amended habeas petition in the district court on July 30, 1991, contending that: (1) the prosecutor failed to disclose exculpatory evidence, (2) there was jury misconduct, and (3) the trial court erroneously failed to sever certain counts. The petition also raised an ineffective assistance of counsel claim, although Coley's pro se opening brief does not discuss it. After the district court denied the writ based on the ground that Coley had procedurally defaulted the claims, Coley appealed.

## II

We review denials of habeas petitions de novo. *Sanders v. Ratelle,* 21 F.3d 1446,

1451 (9th Cir.1994). However, the district court's factual findings are reviewed for clear error, *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991), and the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(d).

■ Coley's ineffective assistance of counsel claim was not raised in the opening brief to this court. The claim is therefore abandoned. *Officers for Justice v. Civil Service Comm'n,* 979 F.2d 721, 726 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1645, 123 L.Ed.2d 267 (1993).

■ Coley's claim regarding the failure by the prosecutor to disclose exculpatory evidence was not raised in his direct appeal brief. It was raised for the first time in a motion for leave to amend his Rule 32 petition, after the Arizona trial court denied that petition. Procedural default applies to this claim.

Coley's jury misconduct claim was not raised on direct appeal. Like the exculpatory evidence claim, procedural default applies.

■ As to these latter habeas claims, Coley's failure to raise them bars review unless he can demonstrate "cause and actual prejudice." *Harmon v. Ryan,* 959 F.2d 1457, 1461 (9th Cir.1992) *(Harmon ).* Coley argues that his case was improperly transferred to the Arizona Court of Appeals upon consolidation by the Arizona Supreme Court, and that this somehow excuses his failure to raise some of his claims. The argument is frivolous, because the statutory amendment in 1989 gave the Arizona Court of Appeals jurisdiction over the case. The district court's conclusion that Coley has not demonstrated "cause" for failing to raise these habeas claims in the state court is affirmed. *See Coley,* 813 F.Supp. at 709.

■ Coley also argues that he is "actually innocent" of the crime of conspiracy to murder. If Coley can demonstrate that a "fundamental miscarriage of justice" would result from denying his habeas petition, we can review his claim even if he has not demonstrated cause for the default and actual prejudice. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

This exception is utilized only to remedy a procedural error of constitutional proportion that has probably resulted in the conviction of an innocent person.

■ Application of the fundamental miscarriage of justice exception "makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993). The exception is available only where the petitioner *"supplements* his constitutional claim with a colorable showing of factual innocence." *Id.* (emphasis in original). Not only has there been no "colorable showing" of factual innocence to excuse the procedural default, but it is not even clear if Coley alleges any procedural constitutional error warranting the exception. Coley seems to be making the claim that he is factually innocent—but that claim alone is not reviewable on habeas. *Id.*

■ Even if we were to read Coley's "actual innocence" contention as "supplementing" some other claim about defective constitutional procedure at his trial, the exception is warranted only if Coley shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo,* —— U.S. ——, ——, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). Coley has made no such showing.

### III

■ Coley's claim of error regarding the trial court's failure to sever certain counts was raised on direct appeal and decided by the Arizona Court of Appeals. The claim was not taken to the Arizona Supreme Court for discretionary review, and Gonzales argues that it, too, is defaulted.

Generally, the failure to exhaust claims in state court, even if the remedy sought is discretionary with the state high court, will bar habeas review of the claim. *See Jenni-*

son v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir.1991). *Jennison* discussed the Arizona cases of *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), and *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (en banc), both of which told petitioners that after they had exhausted their appeal as of right, they had exhausted their state remedies for purposes of federal habeas. Our *Jennison* opinion disagreed.

However, Coley's Rule 32 petition and subsequent federal habeas petition fall between *Shattuck* and *Sandon* on the one hand, and *Jennison* on the other. In *Harmon*, we concluded that an Arizona state habeas petitioner confronted with the Arizona cases of *Shattuck* and *Sandon* was justified in not seeking review in the Arizona Supreme Court in order to exhaust his remedies prior to bringing a federal habeas petition. *Harmon*, 959 F.2d at 1462–63. Thus, petitioners are not imputed with the foresight of the *Jennison* rule. "After *Shattuck*, an Arizona defendant was reasonably certain to believe—quite justifiably—that after the Arizona Court of Appeals had considered his claims, his state remedies ha[d] been exhausted." *Id.* at 1463 (quotations and citations omitted).

*Harmon* controls with respect to Coley's failure to sever claim. The claim was raised in and decided by the Arizona Court of Appeals. It was then raised in the habeas petition. *Jennison* tells us that Coley failed to exhaust this claim because he could have asked for Arizona Supreme Court discretionary review. But *Harmon* excuses this failure.

Gonzales argues that the district court correctly found, see *Coley*, 813 F.Supp. at 709 n. 9, that Coley had "actual knowledge" that he could have raised his claim in the Arizona Supreme Court, because he did so with respect to a prior conviction. Gonzales asks us to distinguish *Harmon* on the ground that a petitioner who knew the Arizona state procedures, and therefore could not have been confused about them, should not get the benefit of bypassing those procedures.

Gonzales's argument is well taken as far as it goes. But the record does not support the application of such a rule in this case. At best, the district court made a finding that Coley knew that he could raise a claim in Arizona Supreme Court because he had done so before. That is not a finding that Coley knew that he had to do so. The record does not support the distinction between this case and *Harmon* that Gonzales seeks. Gonzales has not shown that Coley was so sophisticated in his knowledge of Arizona criminal procedure that he knew he had to appeal to the Arizona Supreme Court and, therefore, that *Harmon* should not apply. For this reason, we reverse the district court with respect to Coley's claim that the state trial court failed to sever certain counts at his trial and we remand that claim only for further proceedings.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.