**Votie PATTERSON, Petitioner—Appellant,**

v.

**Larry SMALL; Sylvia Garcia, Respondents—Appellees.**

No. 02–56706.

D.C. No. CV–00–12824–JFW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Decided Feb. 19, 2004.

Jerry D. Whatley, Santa Barbara, CA, Votie Patterson, pro se, Calipatria, CA, for Petitioner–Appellant.

David Christopher Cook, DAG, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before CANBY, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM*

Votie L. Patterson appeals the district court's denial of his petition for habeas corpus. We review the denial of a habeas petition de novo, *see Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003), *cert. denied*, — U.S. —, 124 S.Ct. 446, 157 L.Ed.2d 313 (2003), but we may not grant habeas corpus relief unless we find that the state courts' adjudication of a defendant's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).(2000); *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Applying this standard, we affirm the judgment of the district court.

■ It was neither contrary to, nor an unreasonable application of, clearly established Federal law for the California Court of Appeal to find that Patterson's prosecutor did not improperly comment on Patterson's Fifth Amendment right to remain silent. The language the prosecutor used during his closing argument was not "manifestly intended or [ ] of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir.1995) (quoting *United States v. Fleishman*, 684 F.2d 1329, 1343 (9th Cir.1982), *cert. denied*, 495 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982)).

■ It also was neither contrary to, nor an unreasonable application of, clearly established Federal law for the California Court of Appeal to find that Patterson was procedurally barred from claiming any violation of equal protection rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Patterson's counsel failed to make a contemporaneous *Batson* objection at trial to the prosecution's use of peremptory challenges, a procedural requirement in the state of California at the time of Patterson's trial for preserving claims on appeal. *See People v. Garceau*, 6 Cal.4th 140, 173, 24 Cal. Rptr.2d 664, 862 P.2d 664 (Cal.1993), *cert. denied*, 513 U.S. 848, 115 S.Ct. 144, 130 L.Ed.2d 84 (1994); *People v. McPeters*, 2 Cal.4th 1148, 1174, 9 Cal.Rptr.2d 834, 832 P.2d 146 (Cal.1992), *cert. denied*, 507 U.S. 1037, 113 S.Ct. 1865, 123 L.Ed.2d 486 (1993). Because the state court declined to address Patterson's federal claim on the ground that he failed to meet this state procedural requirement, federal habeas review is barred. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ Patterson cannot escape this bar by claiming his trial counsel was constitutionally ineffective for failing to make a contemporaneous *Batson* objection at trial because Patterson has not demonstrated prejudice.[1] Patterson can obtain federal habeas review of a procedurally defaulted claim only if he shows "cause for the de-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the prejudice prong *de novo* because neither Patterson's *Batson* claim nor the ineffective assistance of counsel claim he asserted were "adjudicated on the merits" by the California Court of Appeal. 28 U.S.C. § 2254(d). To the extent the *Batson* claims were evaluated under *People v. Wheeler*, 22 Cal.3d 258, 280, 148 Cal.Rptr. 890, 583 P.2d 748 (Cal.1978), which requires a defendant to establish a "strong likelihood" of racial bias, instead of *Batson*, 476 U.S. at 96, which requires a defendant only to "raise an inference" of racial discrimination, such an analysis was an unreasonable application of clearly established federal law. *See Wade v. Terhune*, 202 F.3d 1190, 1197 (9th Cir.2000).

fault and actual prejudice as a result of the alleged violation of federal law." *Coleman,* 501 U.S. at 750. "[P]rejudice is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir.1984) (internal quotation marks omitted). Patterson has failed to demonstrate actual harm because the record indicates that any claim of *Batson* error would have failed on its merits.

**AFFIRMED.**